Filed 5/12/23  P. v. Solorio CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G061730 |
| v. | (Super. Ct. No. 06CF1702) |
| ADRIAN SOLORIO, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Cheri T. Pham.  Affirmed.

Correen Ferrentino, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

We appointed counsel to represent Adrian Solorio on appeal. Counsel filed a brief that set forth the facts of the case. Counsel did not argue against her client but advised the court she found no issues to argue on his behalf.

Counsel advised the court that the procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), do not apply to this case. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 226, 231 (*Delgadillo*).) Therefore, when appointed appellate counsel finds no viable issues, counsel should file a brief informing the court that counsel found no arguable issues and including a concise narration of facts. (*Ibid.*) The reviewing court should send the brief to the defendant with notice the defendant may file a supplemental brief or letter within 30 days, and if the defendant does not, the court may dismiss the appeal. (*Id.* at pp. 231-232.) However, no independent review of the record is compelled. (*Id.* at p. 232.) If no brief or letter is filed, the court may dismiss the appeal without issuing an opinion but should notify the defendant of the dismissal. (*Ibid.*) The court retains discretion to independently review the record in any Penal Code section 1172.6 appeal (all further statutory references are to the Penal Code). (*Ibid.*)

Counsel requested this court exercise its discretion to conduct an independent review, which we have. Counsel provided information about issues she considered to assist the court in conducting a discretionary independent review of the record. (*Anders, supra,* 386 U.S. at pp. 744-745.) Counsel identified two issues: (1) did the trial court err by finding Solorio ineligible for relief based on collateral estoppel; and (2) did the court err by finding Solorio ineligible for relief based on evidence he was the actual killer.

We gave Solorio 30 days to file written argument on his own behalf. If the defendant raises issues in a supplemental brief or letter, the court must evaluate the arguments raised and issue a written opinion. (*Delgadillo, supra,* 14 Cal.5th at p. 232.) Solorio filed a supplemental brief and we address his claims anon.

We have independently reviewed the record. We found no arguable issues on appeal. We affirm the postjudgment order.

FACTS

The facts are taken from the prior nonpublished opinion, *People v. Solorio* (Jan. 28, 2011, G042192) (*Solorio*). As relevant to this appeal, Solorio, a "Tiny Surenos" gang member, attended a house party with a group of friends, including his girlfriend Lilia Gutierrez and Tiny Surenos gang members Adrian Vega and Enrique Vega. Solorio had a handgun. (*Ibid.*)

When Solorio learned only males were being searched for weapons before entering the party, he gave the gun to Gutierrez. After entering the party, Solorio retrieved his gun from her. Solorio and his friends went to the backyard where they drank and danced for hours. (*Solorio, supra,* G042192.)

Jesse Sanchez and other members of "Westside Los Compadres" gang also attended the party. Sanchez began "mad dogging" Solorio and his friends. Solorio and Sanchez argued before Solorio fatally shot Sanchez. (*Solorio, supra,* G042192.)

Solorio asserted he acted in self-defense after Sanchez initially fired a gunshot at him but missed. The prosecution and Solorio offered conflicting evidence on whether Sanchez had a gun when Solorio shot him. (*Solorio, supra,* G042192.)

As relevant here, the jury convicted Solorio of first degree murder (§ 187, subd. (a)), and found true he intentionally discharged a firearm (§ 12022.53, subd. (d)). The trial court sentenced him to life without the possibility of parole plus 25 years to life. (*Solorio, supra,* G042192.) We affirmed. (*Ibid.*)

In 2019, Solorio filed a petition for resentencing pursuant to former section 1170.95.[1] Without holding a hearing or appointing counsel, the trial court summarily

---

[1] Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute. For clarity, we refer to the statute as section 1172.6.

3

denied the petition, concluding Solorio was ineligible for relief. We affirmed. (*People v. Solorio* (June 29, 2020, G057691) [nonpub. opn.].)

In 2022, Solorio filed a petition for resentencing pursuant to section 1172.6. The trial court appointed counsel. Solorio filed a brief, and the prosecution filed opposition. After a hearing, the court took the matter under submission.

In a written statement of decision, the trial court denied Solorio's petition. After concluding collateral estoppel precluded Solorio's second petition, the court also ruled Solorio was ineligible for relief because he was the actual killer. The court reasoned the jury was not instructed on natural and probable consequences or felony murder. The court added the jury found true Solorio personally discharged the firearm. Based on the record of conviction, the court concluded Solorio was ineligible for relief because he "would still be guilty of first-degree murder under current law." Solorio filed a timely notice of appeal.

DISCUSSION

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) (SB 1437) amended sections 188 and 189, effective January 1, 2019, to eliminate natural and probable consequences liability for murder, and to limit the scope of the felony-murder rule. (*People v. Lewis* (2021) 11 Cal.5th 952, 957, 959 (*Lewis*).) Under sections 188 and 189, as amended, murder liability can no longer be "imposed on a person who [was] not the actual killer," who "did not act with the intent to kill," or who "was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); *Lewis, supra,* 11 Cal.5th at p. 959.) SB 1437 also added section 1172.6 which, as originally enacted, set forth a procedure whereby a "person convicted of felony murder or murder under a natural and probable consequences theory" could petition for resentencing relief. (Stats. 2018, ch. 1015, § 4.)

Senate Bill No. 775 (2021-2022 Reg. Sess.) (SB 775), effective January 1, 2022, amended section 1172.6, subdivision (a), to expand the individuals entitled to

4

petition for resentencing. (Stats. 2021, ch. 551, § 1, subd. (a).) Subdivision (a) of that section now expressly permits individuals convicted of attempted murder or manslaughter under a natural and probable consequences theory to file a petition for resentencing relief. A section 1172.6 petition is required to make "'a prima facie showing' for relief. [Citation.]" (*Lewis, supra,* 11 Cal.5th at p. 960.) In *Lewis,* our Supreme Court held, "The record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Id.* at p. 971.)

Here, the trial court found Solorio ineligible for resentencing as a matter of law because he was not convicted under the natural and probable consequences theory and he was the actual killer. Solorio does not dispute he was the killer but maintains he acted in self-defense.

In his supplemental brief, Solorio argues the trial court failed to follow applicable law. Solorio asserts he did not have the opportunity to have an evidentiary hearing to prove his convictions were obtained in violation of his due process rights. He raises a number of issues related to the underlying conviction, but not relevant to the appeal of the denial of his section 1172.6 petition. He suggests there was an error related to self-incrimination, his gun did not kill anyone, and he was acting under "emotional stress" after being threatened by the victim. He basically disputes the evidence in his trial on the merits. Solorio also challenges the sentences imposed for the enhancements.

As to Solorio's contention the trial court erroneously denied him an evidentiary hearing, he was not entitled to one. Section 1172.6, subdivision (d)(1), requires the court, after an order to show cause has issued, to hold a hearing to determine whether to vacate the murder and to recall the sentence and resentence the petitioner. Nothing in the statute requires the court to hold a hearing to determine whether a petitioner's convictions were obtained in violation of his or her due process rights. Solorio's contention he was improperly denied an evidentiary hearing is without merit.

Solorio attempts to relitigate the appeal this court decided in 2011. (*Solorio, supra,* G042192.)  This he cannot do.  We do not address Solorio's challenges to the underlying convictions.  "[W]here a criminal defendant could have raised an issue in a prior appeal, the appellate court need not entertain the issue in a subsequent appeal absent a showing of justification for the delay." (*People v. Senior* (1995) 33 Cal.App.4th 531, 538.)  Nothing in section 1172.6 suggests otherwise.

We have reviewed the record pursuant to *Wende, supra,* 25 Cal.3d 436, and *Anders, supra,* 386 U.S. 738, and considered the possible issues raised by counsel.  We found no arguable issues on appeal.

## DISPOSITION

The postjudgment order is affirmed.


O'LEARY, P. J.

WE CONCUR:


BEDSWORTH, J.


MOTOIKE, J.


6